IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JACK GROSSMAN,<br>    Plaintiff,<br><br>    v.<br><br>METROPOLITAN LIFE INSURANCE CO.,<br>    Defendant. | CIVIL ACTION<br><br><br><br>NO. 17-2940 |

## MEMORANDUM

  This insurance coverage dispute between Plaintiff, Jack Grossman, the victim of a car accident, and his insurance company, Metropolitan Life Insurance Co. ("Metropolitan") concerns whether Metropolitan must pay Grossman lost income from the accident. Grossman brings a breach of contract and a bad faith claim against Metropolitan. Metropolitan has moved for summary judgment on both claims, arguing that Grossman has not produced sufficient evidence of lost income and that it had a reasonable basis to deny his claim. For the reasons below, Metropolitan's Motion for Summary Judgment will be denied.

  **I.**  **Facts**

  Plaintiff, Jack Grossman, purchased an insurance policy from Metropolitan for the period November 1, 2014 through November 1, 2015. The policy provided First Party Benefits including income loss and medical benefits with a combined limit of $277,500. The policy also defined Income Loss as "(80%) percent of gross income actually lost by an eligible person." On November 21, 2014, Plaintiff was involved in a motor vehicle accident when his vehicle was struck from behind by another vehicle. Three days later, he reported the accident to Metropolitan. In the months that followed, Metropolitan covered medical expenses arising from the accident including physical therapy and acupuncture, among other treatments. Metropolitan

does not dispute that the November 21, 2014 accident was a covered event under Plaintiff's insurance policy.

Plaintiff commenced physical therapy soon after the accident. The notes from his initial evaluation with his physical therapist indicated that Plaintiff worked 8 hours per day at the time of his evaluation. However, the same evaluation noted that he used to work 12 hours per day and that his goal is to work 12 hours again. The therapist's notes from each of the 32 physical therapy sessions indicated that Plaintiff reduced his workload from 12 hours per day prior to the accident to 8 hours per day. On February 18, 2016, Plaintiff attended an independent medical examination by Dr. Nathan Schwartz. Dr. Schwartz's notes indicate that Mr. Grossman admitted to working 50-70 hours per week and "more than full time." However, Plaintiff disputes this account and asserts that Dr. Schwartz's notes are incorrect.

In October of 2016, Plaintiff requested information from Metropolitan's insurance adjuster, Leah Stensrud, concerning potential first party benefits, including income loss. Stensrud's notes explain that Plaintiff represented that he was self-employed and he has lost $265,000 in income as a result of the accident. Her notes explain that she advised Plaintiff's counsel that she would need to "review and obtain wage info and disability notes/information." Both parties agree that Grossman never received a "disability slip" from a doctor which prevented him from working. Stensrud's notes indicate that she requested "wage info," but Grossman asserts that she only requested tax returns for 2011 through 2016. Grossman's tax returns reveal a significant decrease in income in the year 2014. In 2012, 2013, 2014, 2015, and 2016 Grossman generated approximately $736,000, $745,000, $186,000, $288,000, and $177,000 in commissions, respectively. Plaintiff was also diagnosed with cancer in 2014 and he attributed much of the decline in 2014 to his diagnosis and treatment. However,

by the time of the accident, Plaintiff's cancer was in remission and he was no longer undergoing treatment. Plaintiff asserts he was working full time prior to the accident, but Defendant disputes this.

The parties also dispute when and how much information Grossman provided to Metropolitan and when and how much information Metropolitan requested. Stensrud's notes indicate multiple attempts to request documents concerning Grossman's claims. Grossman's correspondence indicates multiple attempts to comply, though Stensrud's notes suggest that Grossman used the wrong email address to forward documents. Nevertheless, it is undisputed that by the end of December 2016, Plaintiff had submitted a formal demand alleging that he had lost $465,000 in income as a result of the November 21, 2014 accident. Further, by at least March 22, 2017, if not earlier, Metropolitan received Plaintiff's tax returns for 2008 to 2016. By at least April 21, 2017, Grossman provided Metropolitan with a letter from a doctor indicating that Plaintiff "has had to take on less hours at his job" and "reduce his hours to accommodate treatment" as a result of the November 21, 2014 accident.

On May 22, 2017, Metropolitan denied Grossman's claim for loss of income. In its denial letter, Metropolitan stated that Grossman "ha[d] not provided any documentation supporting any claim for disability, inability of [Mr. Grossman] to be employed and absolutely no documentation from any medical provider that [Mr. Grossman] was precluded from employment." On June 6, 2017, Grossman initiated this lawsuit alleging that Metropolitan breached its contractual obligation to pay income loss benefits to Plaintiff under the insurance policy as well as a bad faith claim under 42 Pa. C.S.A. § 8371.

## II. Legal Standard

"[S]ummary judgment is appropriate where there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." *Alabama v. North Carolina*, 560 U.S. 330, 344 (2010) (citations and internal quotation marks omitted); *see also* Fed. R. Civ. P. 56(a). The Court must grant summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). "A genuine issue is present when a reasonable trier of fact, viewing all of the record evidence, could rationally find in favor of the non-moving party in light of his burden of proof." *Doe v. Abington Friends Sch.*, 480 F.3d 252, 256 (3d Cir. 2007) (citing *Celotex Corp.* at 322-26); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-52 (1986). "The non-moving party may not merely deny the allegations in the moving party's pleadings; instead he must show where in the record there exists a genuine dispute over a material fact." *Doe*, 480 F.3d at 256 (citing *Celotex*, 477 U.S. at 322-26). In ruling on a motion for summary judgment, a court must "view the facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor." *Burton v. Teleflex Inc.*, 707 F.3d 417, 425 (3d Cir. 2013).

## III. Discussion

### a. Breach of Contract

Grossman's policy includes first party benefits for "gross income *actually lost*. . . ." See J.A. 167-68 (emphasis added). In other words, Plaintiff's income loss must have a "valid objective existence as opposed to that which is merely theoretical or possible." *Sakol v. Nationwide Mut. Ins. Co.*, 2007 WL 1811215 (M.D. Pa. 2007). The appropriate test on which to judge whether an individual has "actually lost" income is whether "'but for' the accident, he or

she would have worked and earned income." *Brown v. Liberty Mut. Fire Ins.*, 2008 WL 819897, at *4 (E.D. Pa. 2008).

Grossman has demonstrated that there is a genuine issue of material fact concerning whether he was entitled to income loss benefits under his insurance policy. He submitted a medical report demonstrating that he reduced the number of hours he worked as a result of the automobile accident. *See* J.A. 192. Contemporaneous notes from his physical therapy sessions show that he reduced his workload. *See* J.A. 7-10; 329-480. A letter from a client demonstrates he was terminated from the position as a result of his automobile accident. *See* J.A. 804. He has submitted business records and an affidavit demonstrating that he met with considerably fewer clients in the years following the automobile accident. *See* J.A. 491-502; 824-25. And he submitted ample additional evidence indicating that he worked 50-80 hours per week prior to the accident. *See, e.g.* J.A. 209-201 (deposition of Grossman); J.A. 192 (doctor's note indicating Grossman has had to reduce hours); J.A. 7 (physical therapy notes). All of this evidence demonstrates that Grossman reduced the number of hours he worked as a result of his automobile accident, from which a fact finder could rationally conclude that his income was also reduced.

Metropolitan's citation to Plaintiff's physical therapist's notes which indicate that he continued to work 8 hours per day following the accident do not change the conclusion in that those very same notes indicate that he worked 12 hours per day prior to the accident. *See, e.g.* J.A. 7. Plaintiff's policy compensates victims of automobile accidents for income "actually lost" not for income "actually lost *up to 8 hours per day*." Metropolitan's position would essentially prohibit income loss compensation for a covered person working more than 8 hours per day prior to an accident. While it is relevant that Plaintiff's income actually increased in the two years

5

following the accident, Grossman has adduced evidence that his income was depressed in 2014 because he had cancer so contends that it cannot be seen as a baseline year. This factor must go into the analysis of whether he "would have earned actual income but for an injury received in a vehicular accident is a matter of proof." *Persik v. Nationwide Mut. Ins. Co.*, 554 A.2d 930, 932 (Pa. Super. Ct. 1989).

Viewing the facts in the light most favorable to Plaintiff, the evidence of record is sufficient to sustain his burden at this stage of the proceedings. *See Brown*, 2008 WL 819897 (E.D. Pa. 2008) (finding evidence sufficient to show income loss where self-employed realtor provided tax returns, commission logs and a sworn affidavit); *Sakol*, 2007 WL 1811215 (M.D. Pa. 2007) (finding evidence sufficient to show income loss where self-employed doctor submitted a doctor's report, expert report, a list of surgeries he was unable to perform, and a schedule of partial days he was unable to work); *Reinert v. Erie Ins. Grp.*, 50 Pa. D. & C.3d 38, 39 (Pa. Com. Pl. 1987) (finding evidence sufficient to show income loss where self-employed real estate agent provided a monthly income form, tax returns, and trial testimony).

    b. *Bad Faith Claim*

In Pennsylvania, bad faith actions against an insurance company are governed by Pennsylvania's Bad Faith Statute which provides that a plaintiff is entitled to certain damages if a "court finds that the insurer has acted in bad faith toward the insured." 42 Pa.C.S.A. § 8371. "[I]n order to recover in a bad faith action, the plaintiff must present clear and convincing evidence (1) that the insurer did not have a reasonable basis for denying benefits under the policy and (2) that the insurer knew of or recklessly disregarded its lack of a reasonable basis." *Rancosky v. Washington Nat'l Ins. Co.*, 170 A.3d 364, 365 (Pa. 2017). Evidence of an insurer's ill-will, although probative, is not required in order to recover under Section 8371. *Id.* In order

to defeat a claim for bad faith, Metropolitan must demonstrate "a reasonable basis" for its denial of benefits. *J.C. Penney Life Ins. Co. v. Pilosi*, 393 F.3d 356, 368 (3d Cir. 2004).

Metropolitan provided a laundry list of 28 reasons why it had a reasonable basis to deny Plaintiff's claim. Few of those citations provide Metropolitan with a reasonable basis for denying Grossman's claim. For example, Metropolitan's laundry list includes the following:

(1) Plaintiff never received a "disability note" preventing him from working. But, Metropolitan points to nothing in the policy or in law that requires an insured to obtain a disability note to receive income loss benefits.

(2) Plaintiff failed to provide any financial or medical documentation supporting his income loss claim to accompany his December 5 or 22, 2016 demand. He did, however, provide his tax returns and a doctor's note on April 21, 2017 stating that he had to reduce his hours as a result of the accident. J.A. 192.

(3) Plaintiff was advised to "work when he could" on October 10, 2016. But Plaintiff represented that he could not work the 50-70 hours per week he was working prior to the accident.

(4) Plaintiff worked 8 hours per day according to physical therapy notes. But the notes also indicate that Plaintiff had worked an additional 4 hours per day prior to the accident.

(5) Plaintiff never provided Metropolitan with an estimate of the amount of time he missed from work. However, (1) Metropolitan never requested such information; (2) the record shows that his income is not directly dependent on the number of hours he works; and (3) the record before Metropolitan showed that he had reduced his hours.

Although few of Metropolitan's citations provide a basis for denying Grossman's claim – much less a reasonable one – Dr. Schwartz's independent evaluation lends some support to Metropolitan's decision. Metropolitan hired Dr. Schwartz as an independent medical examiner to evaluate Plaintiff's claim for medical benefits in 2016. After conducting a physical examination, Dr. Schwartz wrote a report, which stated that Plaintiff had fully recovered from his injuries and that his current complaints were not related to the November 21, 2014 accident. Specifically, the report stated that his current conditions are "unrelated" and "not caused or changed by [the November 21, 2014] accident. . . ." J.A. 43. The report also stated that Plaintiff

7

worked "more than full time." While Plaintiff has provided reasons to doubt the accuracy of Dr. Schwartz's report, it was reasonable for Metropolitan to consider Dr. Schwartz's report when it denied Plaintiff's claim. *See Barnwell v. Liberty Mut. Ins. Co.*, 2017 U.S. Dist. LEXIS 188427, *7 (E.D. Pa. 2017) (holding that insurer was entitled to rely on third-party's investigation in the absence of contrary evidence). Moreover, Metropolitan provided Grossman with an opportunity to correct any errors in Dr. Schwartz's report before denying his wage-loss claim and he did not do so. J.A. 45.

However, a bad faith action may be based on a failure to investigate a claim. *Rancosky v. Washington Nat. Ins. Co.*, 130 A.3d 79, 94 (2015), *aff'd*. *Rancosky* 170 A.3d 364 (Pa. 2017) ("Implicit in section 8371 is the requirement that the insurer properly investigate claims prior to refusing to pay the proceeds of the policy to its insured."). Plaintiff asserts that Metropolitan did not adequately investigate his claim because it did not request any information besides his tax returns and did not examine discrepancies in Dr. Schwartz's report. In *Rancosky*, the court noted that conflicting information regarding an insured's claim "should have prompted [the insurer] to undertake an investigation into the starting date of [the policyholder's disability]." *Id.* at 96. Metropolitan relies on Dr. Schwartz's report to argue that Plaintiff was working more than full-time by February 2016. However, the fact that the information provided by Plaintiff to Metropolitan appeared to contradict the report, should have prompted Metropolitan to investigate the discrepancy, but it did not. Thus, Plaintiff's bad faith claim will not be dismissed.

An appropriate order follows.

**BY THE COURT:**

**/s/Wendy Beetlestone, J.**

Date: 1/10/2017                              **WENDY BEETLESTONE, J.**